## JAMES WATROUS
*vs.*
## SOSNOWITZ & LOTSTEIN, ET AL.

Superior Court     Fairfield County     File No. 54318

MEMORANDUM FILED JUNE 27, 1939.

*Curtis, Brinckerhoff & Barrett*, of Stamford, for the Plaintiff.

*Campner, Pouzzner & Hadden*, of New Haven, for the Defendants.

SIMPSON, J. The claimant claimed that he was in the employ of the named defendant when injured. The parties were at issue upon that question before the commissioner. The burden was upon the claimant to prove his contention.

The compensation commissioner has found that he was not so employed, but was in fact in the employ of one Louis Lotstein. The claimant seeks to correct this finding by adding thereto many subordinate facts from which he claims a conclusion that he was in the employ of the named defendant would reasonably follow.

A perusal of the evidence indicates that there was direct evidence that claimant was working in a store owned by Louis Lotstein, and also that he was engaged by Louis Lotstein. There was some circumstantial evidence tending to show that the store was a branch of the named defendant's business and that he was hired by the senior Lotstein. It was the duty of the commissioner to consider all this evidence, and it is to be presumed that he did do so. He was the judge of the facts. Even if all the subordinate facts were added to the finding which claimant seeks to be added, it would not follow as a necessary conclusion or as a matter of law that claimant was in the employ of the named defendant. It would remain a question of fact for the commissioner and his finding will have to stand unless it appears to be so unreasonable upon the whole evidence that it ought not to be sustained. It does not so appear and will therefore have to stand. The appeal is therefore dismissed.